IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| DEREE J. NORMAN | * | |
|     Plaintiff, | * | |
| v. | * | Civil Case No. 19-cv-01097-JMC |
| ROBERT MICHAEL SKELLY | * | |
|     Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM**

This matter was referred to me by Judge Blake for all proceedings, (ECF No. 11), and the parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c) and Local Rule 301.4. (ECF No. 10). On July 7, 2020, Plaintiff filed the currently pending Motion for Reconsideration. (ECF No. 39). Defendant filed an Opposition on July 7, 2020. (ECF No. 40).[1] Based on Plaintiff's request to this Court, the deadline to file a Reply was extended to August 17, 2020. (ECF Nos. 41 & 42). Plaintiff filed a Reply on August 20, 2020. (ECF No. 44). The issues are fully briefed, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons outlined below, Plaintiff's Motion for Reconsideration is **DENIED**.

I.  BACKGROUND

As pertinent to matter at hand, on October 24, 2019, United States Magistrate Judge Copperthite held a settlement conference. Ace McBride was appointed as Counsel for Plaintiff, for the purposes of settlement only, and Mr. McBride attended the settlement conference alongside Plaintiff. (ECF No. 13). During this settlement conference, the parties reached an agreement to resolve this matter. *See* (ECF No. 36 at 1). This Court then issued an Order dismissing the case without prejudice to the right of either party to move for good cause to reopen the action if settlement was not consummated . (ECF No. 28). On November 21, 2019, at the request of the

---

[1] Defendant argues Plaintiff's Opposition was not timely, but that if the Court "decides to construe the Plaintiff's Opposition as a Motion for Reconsideration, Defendant requests that this Court construe this Reply as an Opposition to Plaintiff's Motion for Reconsideration." (ECF No. 40 at 1). For the reasons outlined below, the Court will construe this Reply as an Opposition.

1

parties, the Court deferred dismissal to provide the parties with additional time to consummate the settlement. (ECF Nos. 29 & 30). This extended the deadline to move to reopen the case until December 23, 2019. (ECF No. 30 at 2).

The docket reflects that the parties had difficulty in consummating such agreement. On December 11, 2019, Judge Copperthite held a hearing to resolve Defendant's Motion for Disbursement of Funds and Plaintiff's Motion to Enforce the Terms of the Settlement. (ECF Nos. 31 & 33). Mr. Norman represented himself and Mr. Gannett represented the Defendant. (ECF No. 32), (Court Record, Dec. 11, 2019). Judge Copperthite clarified on the record that the parties had previously entered into a settlement agreement, which was reduced to writing and signed by all parties on October 24, 2019. Pursuant to the agreement, the Defendant would pay $200,000 to Plaintiff, inclusive of all costs and fees. However, at the time of settlement, issues remained as to the disbursement of funds. Plaintiff had an outstanding lien for $21,379.81 ("Rawlings lien") and Plaintiff's prior Counsel, Brian A. Wall, Jr. insisted that he was owed money for his work in the matter, amounting to $22,000. The parties agreed to corner off that money in order to provide Plaintiff with an opportunity to negotiate the lien, and for Plaintiff's prior Counsel to formally request such fees.

Judge Copperthite explained, on the record, Defense Counsel's rationale in filing the Motion for Disbursement of Funds, specifically as to the $22,000 reserved for Plaintiff's prior counsel. Based on the correspondence provided to the Court, Judge Copperthite determined that Defendant sought this "protection" because Plaintiff's previous Counsel insisted that he had a right to these monies and threatened to sue Defense Counsel if such were released. In this hearing, Mr. Norman said that he understood the Defendant's rationale. Throughout this hearing, both the parties and Judge Copperthite reiterated that they wanted this case to be done and their intention was for this hearing to result in finalizing the terms of release and to end this litigation. After an extremely thorough back and forth, the parties appeared to agree to modified release terms. *See, e.g.*, (Court Motions Hearing, 10:18, 10:27, 10:32). Judge Copperthite explained to the parties that while he was not a part of this "release procedure," his goal was to get the settlement resolved. (10:31 a.m.). Judge Copperthite directed the Defendant to disburse the remaining funds to Plaintiff once they executed the agreed-upon release. (10:52 a.m.).[2] Defendant mentioned that he had all

---

[2] Judge Copperthite clarified that he could not resolve the issue of prior attorneys' fees and that this issue was not before the Court. Further, that Plaintiff may be subject to a separate litigation for those fees. Notably, Judge

2

of the checks for Plaintiff at that time, except a check for $22,000. The docket reflects no filings from December 2019 and June 2020—nearly six months. See (ECF Nos. 35 & 36).

On June 5, 2020, Defendant filed a Motion for an Order of Dismissal with prejudice. (ECF No. 36). In so doing, Defendant averred that he complied with the terms of the settlement agreement and this Court's December 11 Order regarding disbursement; in his view, the settlement was consummated. *Id*. at 2. Therefore, Defendant argued that the case was ripe for dismissal with prejudice. (ECF No. 36 at 1–3). Despite Local Rule 105.2, which states that all memoranda in opposition shall be filed fourteen (14) days after service of the motion, Plaintiff did not respond to the Defendant's Motion requesting the Order of Dismissal until July 6, 2020. (ECF No. 38).[3] However, absent a timely response, this Court granted Defendant's Motion on June 26, 2020. (ECF No. 37). In so doing, this Court reiterated its October 2019 order and closed the case with prejudice, as no party had moved to re-open the case within the allotted time. *Id.*

II. LEGAL RULE & ANALYSIS

The parties do not contest this Court's jurisdiction, and the Court is satisfied that jurisdiction exists. *See Rohn Prods. Int, LC v. Sofitel Capital Corp. USA*, 2009 WL 3418564, at *1 (D. Md. Oct. 20, 2009), *report and recommendation adopted*, 2010 WL 681304 (D. Md. Feb. 22, 2010). However, the parties do contest the timeliness of each other's motions, and whether adequate and timely service occurred. (ECF Nos. 39 & 40). Notwithstanding arguments as to untimeliness of filings, the Court has considered the arguments therein. Local Rule 105.10 provides "any motion to reconsider any order issued by the Court shall be filed with the Clerk not later than fourteen (14) days after entry of the order." *See, e.g.*, *Kiddie Acad. Domestic Franchising, LLC v. Wonder World Learning LLC*, 2020 WL 4338891, at *12 (D. Md. July 27, 2020). Plaintiff's Motion for Reconsideration was filed within fourteen days, and thus, is timely. In the interest of efficiency and judicial economy, and given Plaintiff's *pro se* status, the Court will consider the arguments Plaintiff has set forth in his Opposition in combination with his Motion for Reconsideration. (ECF Nos. 38 & 39). In turn, Court will consider the Defendant's Opposition thereto. (ECF No. 40).

---

Copperthite did not impose any date-specific deadlines, aside from those previously imposed by this Court. (ECF No. 30).

[3] Plaintiff contends that he did not receive this Motion in a timely manner, thus impeding his ability to respond.

Although formally entitled a Motion for Reconsideration of this Court's June 2020 Order, in actuality, Plaintiff requests this Court vacate its dismissal of this case, entirely. (ECF No. 38 at 3) (requesting the Court deny Defendant's motion with prejudice and issue a revised proposed scheduling order). Plaintiff contends that the underlying settlement agreement was breached, and the appropriate remedy for such is for the Court to vacate the settlement entirely. Given Plaintiff's *pro se* status, his pleadings are to be "liberally construed," and thus this Court shall treat this as a motion brought under Rule 60(b). *See Harman v. Pauley,* 678 F.2d 479, 481 (4th Cir.1982) ("[W]hen a settlement agreement has been breached two remedies are available—a suit to enforce the agreement or a Rule 60(b)(6) motion to vacate the prior dismissal."); *see also Fairfax Countywide Citizens Ass'n v. Fairfax Cty.*, 571 F2d. at 1299, 1303 (4th Cir. 1978); *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011); *Best v. Barbarotta*, 2018 WL 3970886, at *4 (E.D.N.Y. Aug. 20, 2018), *aff'd*, 790 Fed. App'x 336 (2d Cir. 2020) (explaining Plaintiff's motion might be more naturally treated as a general motion for reconsideration, however R&R was correct to treat motion as being brought under Rule 60(b), for which the filing period had not expired); *Rohn*, 2009 WL 3418564, at *1 ("While styled as a 'motion to enforce settlement,' Rohn's submission specifically prayed that the case be re-opened and the matter returned to the active calendar for the purpose of enforcing the settlement agreement.")

Federal Rule of Civil Procedure 60(b) addresses the circumstances under which a court may vacate a judgment. In order to obtain relief under Rule 60(b), a moving party must show that its motion is timely, the motion has a meritorious claim or defense, the opposing party would not be unfairly prejudiced by having the judgment set aside, and that one or more of the six grounds set forth in Rule 60(b) is satisfied. *Aikens*, 652 F.3d at 501; *DIRECTV, Inc. v. Lankester*, No. GJH-03-3127, 2019 WL 7049681, at *2 (D. Md. Dec. 23, 2019). Rule 60(b) provides that the court may vacate a final judgment for any of the following reasons: (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence"; (3) "fraud . . . misrepresentation, or misconduct"; (4) "the judgment is void"; (5) "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable"; or (6) "any other reason that justifies relief."

First, Plaintiff fails to explain how this request was filed on "just terms" and within a "reasonable time." *Nat'l Credit Union Admin. Bd. v. Gray,* 1 F.3d 262, 264 (4th Cir. 1993), *Trs. of Painters' Trust Fund v. Clabbers*, 2010 WL 2732241, at *3 (D. Md. July 9, 2010)

("While Rule 60(c) requires only that a motion under Rule 60(b)(6) be filed within a "reasonable time," it is incumbent upon the movant to "make a showing of timeliness." (quoting *McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991)). This Court's October 24, 2019 Order informed the parties that this case was dismissed "without prejudice to the right of a party to move for good cause within 30 days to reopen this action if settlement is not consummated." (ECF No. 28). This Court then issued an order, based on a joint request, postponing dismissal of this case until December 23, 2019. (ECF No. 30 at 3). Plaintiff contends the underlying breach occurred by December 31, 2019 but provides no explanation for his failure to file a motion to reopen the case until July of 2020,[4] more than six months later. (ECF No. 38 at 1). The Court of Appeals for the Fourth Circuit has "held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay." *McLawhorn*, 924 F.2d at 538; *Williams v. Holley*, 2017 WL 550034, at *2 (D. Md. Feb. 10, 2017) ("The court determined that because Williams had failed to file the motion within sixty days of the Rule 111 Order, the Order had become final. The court construed Williams' request as a motion to reopen the case, and concluded that it lacked authority to grant the relief requested, as such relief may be available only through a new action for breach of the settlement agreement." (citations omitted)).[5]

Next, Plaintiff fails to show, or explain, how Defendant would not be unfairly prejudiced by having the dismissal set aside. Notably, the parties disagree with each other as to nearly everything, except, that Plaintiff was (eventually) paid all of the money that was agreed upon, including the $22,000 that remained at issue during the December 11 hearing. (ECF No. 38 at 2). Plaintiff even submits copies of such checks and the corresponding bank deposit slips indicating he obtained the money. *See, e.g.*, (ECF No. 39-1 at 10). In this vein, Plaintiff does not provide the Court with information as to how his claim could be meritorious. He provides no legal support for his proposition that "[t]he breach [of the settlement agreement] effectively restarted the statute of limitations in this matter. . . ." (ECF No. 38 at 2). Throughout the hearing before Judge

---

[4] Although Plaintiff technically has still not filed a Motion to Reopen, because the Court is interpreting the pending motion as such, Plaintiff filed this motion (at the earliest) in July.

[5] *See also Rohn*, 2009 WL 3418564, at *4 ("On February 19, 2009, the parties filed a joint motion to extend the time in the Local Rule 111 Order to March 21, 2009, to allow for the consummation of the settlement between [the parties]. The Court granted the motion, extending the time to March 21. On March 24, 2009, Sofitel filed its motion to withdraw its previously submitted motion to dismiss . . . . It is too late. Sofitel did not move to reopen the action as to third parties in a timely fashion. Accordingly, I recommend that the motion be denied.").

Copperthite, Plaintiff reiterated that: (1) he understood the settlement agreement between the parties terminated all of his claims; (2) the statute of limitations had passed; and (3) he simply wanted to end this litigation and obtain the agreed-upon funds. Moreover, Plaintiff has received and retained all of the settlement proceeds. (ECF No. 40 at 3).

Plaintiff does not identify any specific Rule 60(b) grounds for vacating the judgment, nor has he provided any "extraordinary circumstances," that suffice to invoke the catchall provision of Rule 60(b). *Aikens*, 652 F.3d at 500. There is no indication that the settlement agreement was entered into without due consideration, or by fraud or misrepresentation. Rather, the hearing testimony indicates that the parties extensively discussed the terms of the agreement with Judge Copperthite and such were fair and reasonable. Although not represented by Counsel, Plaintiff clearly stated that he understood that this would finalize this litigation and that further claims could not be brought on his behalf (by himself, and he averred no other parties were entitled to do so). Plaintiff also reviewed the release documents extensively and prepared his own release. As Plaintiff avows, to the extent he believes Defendant failed to uphold his contractual obligations under the settlement agreement, he may seek relief via a new suit. (ECF No. 38 at 3).

In this Court's view, the surrounding circumstances provide no reason to vacate this Court's dismissal. For the reasons outlined above Plaintiff's Motion for Reconsideration (ECF No. 39) is DENIED. An implementation Order shall issue.

August 27, 2020

                                                /s/
                                       J. Mark Coulson
                                       United States Magistrate Judge